# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWIN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-984-RWS ) |
| CORIZON, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Edwin Jones, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $121.78. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will add Diana Mak as a defendant in this action, dismiss all but plaintiff's individual capacity claims against Mak and defendants Jessica Engle and Jan Martin, and will direct the Clerk of Court to issue process upon Engle, Martin and Mak in their individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $608.92. The Court will therefore assess an initial partial filing fee of $121.78, which is twenty percent of plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Corizon, Inc., the Missouri Department of Corrections, Warden Troy Steele, nurses Jessica Engle and Jan Martin, and corrections officer Unknown Hall. Plaintiff states that he sues the defendants in an official and individual capacity.

According to the complaint, on October 28, 2016, plaintiff self-declared a medical emergency, and a fellow inmate took him to the medical department in a wheelchair. Plaintiff arrived at the medical department at about 10:45 and told defendant Hall that he thought he was

having a stroke. Hall instructed plaintiff to complete a form, but plaintiff's hands were shaking, so Hall helped him. Defendant Jan Martin was sitting at the desk when plaintiff arrived, but did not examine him or assist him in any way. After 30 or 40 minutes, plaintiff finally asked Martin to examine him. Martin replied that she was on her lunch break, and continued talking with Hall. Plaintiff also asked defendant Jessica Engle to examine him, but she said she was busy and walked on, telling Hall that she was on her way to lunch. Nurse Diana Mak was passing through the waiting area, and plaintiff asked her to examine him. Mak refused and went out the door with a cigarette in one hand and a lighter in the other.

At about 12:50 p.m., plaintiff was finally examined by Nurse Pam Lukeheart. Lukeheart noted that plaintiff was hypertensive and had an irregular heartbeat, and called two nurse practitioners to examine plaintiff. Lukeheart then conferred with the nurse practitioners, and directed that plaintiff be immediately taken to the hospital. Upon plaintiff's arrival at the hospital, a doctor examined him. The doctor told plaintiff "that because it took them so long to get me to the hospital there was nothing he could do at this time because the window of opportunity to treat a stroke had passed." (Docket No. 1 at 8).

Plaintiff was taken back to ERDCC and placed in the infirmary. He had another stroke early the next morning. He fell from bed while trying to get to the bathroom, but was able to push an emergency button. However, he laid on the floor for 15 to 20 minutes until someone came to help. He was taken back to the hospital and then transferred to St. Mary's Hospital in Jefferson City, Missouri where he stayed until November 1, 2016 because the stroke had paralyzed his left side and he was choking on food and water.

Plaintiff alleges that, because of the neglect and delay in treatment, the right side of his brain is impaired, and he has a physical impairment on his left side. He also alleges that, had he

4

received prompt medical care, he would not have suffered a second stroke. He claims that his ability to do his usual daily activities has been affected. He seeks monetary damages.

## Discussion

Defendant Corizon, Inc. will be dismissed from this case because plaintiff does not allege that there was a policy, custom or official action of Corizon that caused an actionable injury. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)).

Defendant Missouri Department of Corrections will be dismissed because plaintiff's damages claims against it are barred by the eleventh amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Defendants Steele and Hall will also be dismissed from this action. Plaintiff does not allege that either Steele or Hall were causally linked to, or bore any personal responsibility for, the delay in treatment or any other wrongdoing. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). In addition, claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff's official capacity claims against Engle and Martin will be dismissed because plaintiff's claims for monetary relief against these State of Missouri actors are legally frivolous. *See Will,* 491 U.S. at 71 (naming a state government actor in his or her official capacity is the equivalent of naming the government entity that employs the official, and neither a State nor its officials acting in their official capacity are "persons" under § 1983).

Regarding plaintiff's individual capacity claims against Engle and Martin, the Court concludes that plaintiff's allegations survive initial review, and the Clerk of Court will be directed to serve process upon Engle and Martin in their individual capacities.

The Court turns to plaintiff's allegations against nurse Diana Mak. While plaintiff does not name Mak as a defendant in the caption of the complaint, he specifically names her in the body of his complaint. Plaintiff alleges he told Mak he felt he was having a stroke and asked her to examine him, and she refused and walked away. The Court will therefore direct that Diana Mak be added as a defendant in this action, and that process be served upon her in her individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $121.78 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Diana Mak as a defendant in this action.

**IT IS FURTHER ORDERED** that defendants Corizon, Inc., the Missouri Department of Corrections, Troy Steele, and Unknown Hall are **DISMISSED** from this action, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Jessica Engle and Jan Martin are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Jessica Engle, Jan Martin, and Diana Mak in their individual capacities.

A separate order of partial dismissal will be entered herewith.

Dated this 2nd day of August, 2018.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE